IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01461–PAB–KMT

CHRISTINA PAVELKO,

    Plaintiff,

v.

BREG, INC., a California corporation,

    Defendant.

**STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS**

**STIPULATION**

    WHEREAS, the parties, through their counsel, have requested or may request Defendant Breg, Inc. to make available for inspection and/or copying documents and various materials; and

    WHEREAS, Defendant contends that some or all of those documents are in whole or in part proprietary information, competitively sensitive, confidential business records, and/or trade secrets, all of which are "confidential" as herein defined; and

    WHEREAS, Defendant requires that the confidentiality of the documents and the information contained in those documents be maintained; and

    WHEREAS, the parties and their attorneys have agreed to comply with the letter and intent of that confidentiality;

NOW, THEREFORE, IT IS HEREBY UNDERSTOOD AND AGREED upon stipulation of the parties as follows:

1. At such time as Breg or its counsel deliver to the parties or their attorneys any documents in this case, or divulge any information contained therein, Breg's counsel shall designate as "CONFIDENTIAL" any such documents, materials, or information Breg claims constitute or contain confidential documents and/or information. Any information so designated will be reviewed by an attorney for the disclosing party prior to it being marked, and will only so mark it if the attorney has a good faith belief that documents or materials are confidential or are otherwise entitled to protection. As used herein, the term "confidential document" means any document containing proprietary, confidential, and/or trade secret information and designated by Breg as "CONFIDENTIAL."

2. The parties and their attorneys shall not give, show or otherwise directly or indirectly disclose any "CONFIDENTIAL documents" or the substance thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person except the parties herein and any agents, experts, or consultants employed by the parties or their attorneys in connection with and solely for this action.

3. Any and all of the parties' experts, consultants, and/or counsel associated in this litigation and any other person who is permitted access to "CONFIDENTIAL documents" pursuant to this Stipulation and Protective Order shall be presented with a copy of this Stipulation and Order. Those experts, consultants, counsel, and other persons shall not give,

show, or otherwise directly or indirectly disclose any "CONFIDENTIAL documents" to any entity or person, except as may be necessary in preparing to render or rendering expert advice or assistance in and solely for this action only. Those experts, consultants, counsel and other persons shall by required to execute the document attached as Exhibit A, acknowledging their agreement to act in accord with the terms specific to this Stipulation and Order.

4. At the conclusion of the work of such experts, consultants, counsel, or other persons as described in Paragraph 3 herein, all "CONFIDENTIAL documents" shall be returned to the attorneys who retained the expert or consultant or who otherwise provided access to the "CONFIDENTIAL documents." Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement or other resolution of this action, the parties' attorneys shall return all "CONFIDENTIAL documents", including all copies thereof, to Breg's counsel within sixty (60) days.

5. The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved, and that all objections to admissibility may be asserted at the time of trial of any action in which "CONFIDENTIAL documents" are used or offered, should any party deem objections proper.

6. Any "CONFIDENTIAL documents" attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from "CONFIDENTIAL documents" and/or materials, and any papers filed with the Court in this action, which include or summarize any deposition transcripts, testimony, or exhibits containing

information derived or taken from "CONFIDENTIAL documents," shall be sealed and protected from disclosure by this Stipulation and Protective Order. The use of any "CONFIDENTIAL documents" during depositions in this action does not waive the terms of this Stipulation and Protective Order.

      7.     The terms of this Stipulation and Protective Order shall remain fully active until released by written consent of Breg. The Court shall retain jurisdiction over the parties, this Stipulation and Protective Order, and recipients of "CONFIDENTIAL documents" for the sole purpose of enforcing this Stipulation and Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Stipulation and Protective Order shall continue to be binding as to the "CONFIDENTIAL documents" produced pursuant to it.

      8.     Upon execution of this Stipulation by the attorneys of record for the parties, the parties and their attorneys agree that they shall adhere to and be bound by this Stipulation in the event that the Court does not enter a Protective Order pursuant to this Stipulation.

      9.     If one of the parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL", that party must specify, in writing, to Breg: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation. The party questioning the designation and Breg must meet and confer in good faith in an attempt to resolve the designation without the Court's intervention. Upon written notice to Breg that the disagreement with respect to the designation cannot be resolved informally, Breg

has thirty (30) days to move the Court for a protective order approving of the "CONFIDENTIAL document" designation. Until the Court rules, the confidentiality designation shall remain in effect. If Breg's motion for protection is denied, the document or information shall no longer be designated as "Confidential". Nothing in this paragraph shall be construed as changing the burden of proof set forth in the Federal Rules of Civil Procedure.

10. If a party inadvertently produces a "CONFIDENTIAL document" containing confidential information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the designating party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production of the document, identifying the document in question and of the corrected confidential designation for the document.

11. Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The designating party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or

nonparty, such other party shall within five (5) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof. The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

12. Nothing herein shall govern the procedures to be used at trial, which shall be set by this Court immediately preceding the commencement of trial.

13. The Court retains jurisdiction to enforce or, upon stipulation of the parties to this action, to amend or modify, the Protective Order.

Dated this 9th day of April, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

Dated:  April 8, 2010.

 s/ *Leslie O'Leary*  
Leslie O'Leary  
Michael L. Williams  
Thomas B. Powers  
Williams Love O'Leary & Powers, PC  
9755 SW Barnes Road, #450  
Portland, OR  97225-6681  
Tel:  503-295-2924  
Fax: 503-295-3720  
loleary@wdolaw.com  
mwilliams@wdolaw.com  
tpowers@wdolaw.com  

D. Robert Jones, PC  
219 West Colorado Ave., Suite 210  
Colorado Springs, CO  80903  
Tel: (719) 630-1556  
Fax: (719) 630-7004  
Jones@drjpc.com  

Ernest Franklin Woodson  
Matthew E. Munson  
Beasley, Allen, Crow, Methvin, Portis  
  & Miles, PC  
PO Box 4160  
218 Commerce Street  
Montgomery, AL 36103-4160  
Tel:  334-269-2343  
Fax:  334-954-7555  
Frank.woodson@beasleyallen.com  
Matt.munson@beasleyallencom  

**ATTORNEYS FOR PLAINTIFF**

Dated:  April 8, 2010.

 s/ *Monica K. Gould*  
Jeffrey R. Pilkington  
Jordan Lipp  
Davis Graham & Stubbs, LLP  
1550 Seventeenth Street, Suite 500  
Denver, Colorado  80202  
Telephone:  303.892.9400  
Facsimile:  303.893.1379  
jeff.pilkington@dgslaw.com  
jordan.lipp@dgslaw.com  

Kim M. Schmid  
Sheryl A. Bjork  
Monica K. Gould  
Bowman & Brooke, LLP  
150 South Fifth Street, Suite 3000  
Minneapolis, Minnesota  55402  
Phone:  612.672.3247  
Facsimile:  612.672.3200  
kim.schmid@bowmanandbrooke.com  
sheryl.bjork@bowmanandbrooke.com  
monica.gould@bowmanandbrooke.com  

**ATTORNEYS FOR BREG, INC**.

**EXHIBIT A**

I hereby attest to my understanding that the information or documents designated as "CONFIDENTIAL" are provided to me subject to the Stipulation and Protective Order Re Confidential Documents dated _____, (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement indicating my agreement to be bound by the Protective Order is a prerequisite to my review of any information or documents designated as "CONFIDENTIAL" pursuant to the Protective Order. I further agree that I shall not disclose to others, expect in accord with the Protective Order, any "CONFIDENTIAL documents," as defined herein, or any information contained in such "CONFIDENTIAL documents," in any form whatsoever, and that such "CONFIDENTIAL documents" and the information contained therein may be used only for the purposes authorized by the Protective Order. I further agree and attest to my understanding that my obligation to honor the confidentiality of such "CONFIDENTIAL documents" will continue even after this litigation concludes. I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of this Court and the courts of the State of _____ and the other states in which the lawsuits subject to this protective order are pending for the purposes of any proceedings relating to enforcement of the Protective Order. I further agree to be bound by and to comply with the terms of the Protective Order as soon as I

sign this Agreement, whether or not the Protective Order has been entered as an Order of the Court.