IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01461–PAB–KMT

CHRISTINA PAVELKO,

    Plaintiff,

v.

BREG, INC., a California corporation,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER
REGARDING FORMAT OF PRODUCTION BY DEFENDANT BREG, INC.**

---

**STIPULATION**

    1.    General Format of Production. Except as limited in this paragraph, all documents that originally existed in electronic form that are produced in these proceedings shall be produced in electronic image form in the manner provided herein. Documents that currently exist in hard copy form that are produced in these proceedings may be produced in electronic or hard copy format, and if electronic, they shall be produced in the format set forth in paragraph 2. For documents produced in electronic format, each document's electronic image shall convey the same information as the original document. Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

2. Document Image Format.  All production document images will be provided as single-page Tagged Image File Format ("TIFFS" or ".tiff format"). All images generated from hard copy documents shall be scanned as black and white images at 300 d.p.i. resolution and shall be saved and produced in a Group 4 compression single-page "TIFF" format and reflect, without visual degradation, the full and complete information contained on the original document. All images generated from native electronic documents shall be saved electronically (or "printed") in a Group 4 compression single-page "TIFF" image that reflects the full and complete information contained on the original document. Defendant shall produce a "load file" to accompany the images, which load file shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software such as Summation or Concordance.

3. Document Unitization.  Each page of a document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain fixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document,

4. Color. If an original document contains color, Defendant shall honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.

5. Duplicates. Where a single document custodian has more than one identical copy of a document (i.e., the documents are visually the same and contain the same electronic text), Defendant need only produce a single copy of that document. Where multiple document custodians each possess their own copies of an identical document, the document shall be produced once for each custodian in possession of the document, OR a report will be provided to Plaintiff indicating the Bates Number of the original document and the custodians for whom an identical copy of the document existed in their files, OR the duplicate information will be produced as a metadata field. The parties will meet and confer regarding the format for which duplicate information will be provided to Plaintiffs.

6. Bates Numbering. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions (consistent with the Stipulated Protective Order in this matter), and the Bates Number identified above. The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

7. File Naming Conventions. Each page image file shall be named with the unique Bates Number of the page of document, followed by the extension ".TIF." In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

8. Production Media. Defendant shall produce documents on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents and the Defendant on the Production Media are associated with (e.g., for Breg, Inc. "BREG001"; "BREG002"), as well as the volume of the material in that production wave (e.g., "-001"; "-002"). For example, if the first production wave by the Defendant comprises document images on three hard drives, Defendant shall label each hard drive in the following manner in numeric sequence: (e.g. for Breg Inc., "BREG001-001"; "BREG001-002"; "BREG001-003.") Additional information that shall be identified on the physical Production Media shall include: (1) the case number of the case in which it is produced, (2) the producing party's name, and (3) the production date. The type of materials on the media (e.g., "Documents", "OCR Text", "Objective Coding", etc.) and the Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, and where not practicable to do so may be provided in an accompanying letter.

9. Meta-Data and Objective Coding. Defendant may provide objective coding information as described below with each production. Defendant may review and, where necessary, revise or redact objective coding if it contains privileged or work product information. Nothing herein shall be construed to require Defendant to produce or provide any information that is privileged or work product information, or which is not electronically provided in the data collected from Breg, Inc. For images generated from native electronic documents, Defendant shall provide meta-data corresponding to the fields in Exhibit A to this Order, where available. If Defendant has available such meta-data, then with each production of such documents, Defendant shall produce an ASCII text file, appropriately delimited, setting forth the objective coding for each document (the "Objective Coding"), The data file will include the fields and type of content set forth on Exhibit A, if available, and shall be provided in a manner suitable for importing the information in a commercially available document management or litigation support software such as Summation or Concordance. Objective Coding shall be labeled and produced on Production Media in accordance with the provisions of paragraph 8. If Plaintiff has problems importing and using the Objective Coding for document management, the parties shall meet and confer to attempt to resolve the problems. All parties reserve any arguments of what evidentiary value, if any, objective coding has. In addition, Defendant does not certify that the Objective Coding data is error free and Defendant shall not be responsible for errors, if any, in Objective Coding data.

10. OCR/Extracted Text. Defendant shall produce corresponding Optical Character Recognition (OCR) text files for all hard-copy documents and any electronic documents that require redaction prior to production. For documents that exist natively in electronic format that have not been redacted and that are produced as images, Defendant shall produce extracted text files reflecting the full text that has been electronically extracted from the original, native electronic files. The OCR/extracted text shall be provided in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 8. The text files will be associated with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR/extracted text files shall be provided in a manner suitable for importing the information in a commercially available document management or litigation support software such as Summation or Concordance.

11. Search Terms. The parties are currently negotiating search terms. The parties shall meet and confer on the search terms to be used by Defendant for electronic documents to identify electronic documents that will be reviewed for possible production. During the course of the litigation, if the plaintiff wishes to modify these terms, the parties shall meet and confer. If the parties cannot agree upon the requested modification, the parties shall seek the Court's guidance without seeking sanctions for a party's failure to agree. Documents identified by search terms may be reviewed for privilege, confidentiality, redactions and relevance or responsiveness prior to production.

12. Active Data. The primary source of electronically stored information for production should be active data and information. Resort to disaster recovery backup tapes and other sources of electronically stored information that are not reasonably accessible requires the requesting party to demonstrate need and relevance that outweigh the costs and burdens of retrieving and processing the electronically stored information from such sources, including the disruption of business and information management activities. *See Sedona Principles for Electronic Document Production, Second Ed., ¶8*, incorporated herein by reference.

13. Deleted, shadowed, fragmented or residual ESI. Absent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual electronically stored information. *See Sedona Principles for Electronic Document Production, Second Ed., ¶9*, incorporated herein by reference.

14. Format for Production. The format of document images and objective coding described in paragraphs 2 and 9 above, and the OCR/extracted text files described in paragraph 10, shall conform with the requirements a commercially available document management or litigation support software the requesting party intends to use. The parties shall confirm this with each other in advance of the processing.

15. Original Documents. Defendant shall retain the original hard-copy and native source documents in their original format (however, the original hardware does not have to be kept) for all documents produced in this proceeding. Defendant shall make reasonable efforts to

maintain the original native electronic source documents in a manner so as to preserve the "metadata" associated with these electronic materials in the event review of such metadata becomes necessary. Subject to preservation of appropriate privileges and other protections of Defendant's information from production in accordance with applicable law, Defendant shall, upon reasonable request after any necessary meet and confer, make originals of any produced document available for inspection by the requesting party in the form in which such documents are kept in the ordinary course of business.

16. Production of Other Electronic Documents. This Order only applies to the production of emails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents (in any format). The parties shall meet and confer to agree on the form of any production of electronic documents other than the foregoing.

17. Use of Documents. When documents produced in accordance with this Order are used in any Proceeding herein, including depositions, hearings, or trial, the image copy of documents *as* described in Paragraphs 2 and 8 herein shall be the copy used. OCR or extracted text shall not be used in any Proceeding as a substitute for the image of any document.

18. Preservation of Documents. Defendant, respectively, shall secure the hard drives (or make forensic image copies of the non-executable files on hard drives) of all computers *(including* laptop or desktop computers) used by Defendant's key employees related to this litigation who are currently employed by Defendant, before the reformatting, redeployment, or disposal of such hard drives. Defendant will further make copies of server email accounts and

8

network share data, if any, for these key employees related to this litigation. This provision will not impact the rights of either party concerning future preservation arguments, however, the parties shall meet and confer if any such issue arises. Defendant is not required to suspend their normal rotation or reuse of back-up tapes. Notwithstanding any other provisions of this Order, as of the date of this Order, persons may generate documents in the future without preserving dictation, drafts, interim versions, or other temporary compilations of information if such documents would not have been preserved in the ordinary course of business, unless drafts and interim versions are circulated beyond the author and clerical staff. Plaintiff reserves his rights on all issues set forth in this paragraph if he learns information in discovery that necessitates further discussions and/or relief on this issue. However, the parties shall meet and confer if any such issue arises. This order pertains only to documents containing information that may be relevant to, or may lead to the discovery of information relevant to this litigation.

19. Privilege Logs. The parties will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. A party will produce a separate privilege log for custodian/department within 60 days after the production of a custodian/department's documents for which privilege is asserted to apply is substantially complete, and within the same time period following any subsequent or rolling productions. The production of a privilege log for a custodian/department will be not less than 30 days prior to a custodian's deposition, unless it refers to records produced less than 30 days prior to the custodian's deposition, in which case the privilege log will be contemporaneously produced.

20. Costs of Production. Absent a specific objection, party agreement or court order, the reasonable costs of retrieving and reviewing electronically stored information should be borne by the responding party, unless the information sought is not reasonably available to the responding party in the ordinary course of business. If the information sought is not reasonably available to the responding party in the ordinary course of business, then, absent special circumstances, the costs of retrieving and reviewing such electronic information may be shared by or shifted to the requesting party. *See Sedona Principles for Electronic Document Production, Second Ed., ¶13*, incorporated herein by reference.

21. Inadvertent Production of Documents. Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing within a reasonable period of time from the discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, shall file the Inadvertently Produced Documents under Seal with the Court pursuant to its local rules, and may retain possession of any notes or other work

product of the receiving party reflecting the contents of such materials pending the resolution by the court of the motion below. If the receiving party's motion is denied, the receiving party shall promptly comply with the *immediately* preceding provisions *of* this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production.

22. Sanctions. Sanctions, including spoliation findings, should be considered by the Court only if it finds that there was a clear duty to preserve, a culpable failure to preserve and produce relevant electronically stored information, and a reasonable probability that the loss of the evidence has materially prejudiced the adverse party. See *Sedona Principles for Electronic Document Production, Second Ed., ¶ 14*, incorporated herein by reference.

IT IS SO STIPULATED.

Dated this 9th day of April, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

Dated:  April 8, 2010

 s/ Leslie O'Leary
Leslie O'Leary
Michael L. Williams
Thomas B. Powers
Williams Love O'Leary & Powers, PC
9755 SW Barnes Road, #450
Portland, OR  97225-6681
Tel:  503-295-2924
Fax: 503-295-3720
loleary@wdolaw.com
mwilliams@wdolaw.com
tpowers@wdolaw.com

D. Robert Jones, PC
219 West Colorado Ave., Suite 210
Colorado Springs, CO  80903
Tel: (719) 630-1556
Fax: (719) 630-7004
Jones@drjpc.com

Ernest Franklin Woodson
Matthew E. Munson
Beasley, Allen, Crow, Methvin, Portis
   & Miles, PC
PO Box 4160
218 Commerce Street
Montgomery, AL 36103-4160
Tel:  334-269-2343
Fax:  334-954-7555
Frank.woodson@beasleyallen.com
Matt.munson@beasleyallencom

**ATTORNEY FOR PLAINTIFF**

Dated:  April 8, 2010.

 s/ Monica K. Gould

Jeffrey R. Pilkington
Jordan Lipp
Davis Graham & Stubbs, LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  303.892.9400
Facsimile:  303.893.1379
jeff.pilkington@dgslaw.com
jordan.lipp@dgslaw.com

Kim M. Schmid
Sheryl A. Bjork
Monica K. Gould
Bowman & Brooke, LLP
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota  55402
Phone:  612.672.3247
Facsimile:  612.672.3200
kim.schmid@bowmanandbrooke.com
sheryl.bjork@bowmanandbrooke.com
monica.gould@bowmanandbrooke.com

**ATTORNEYS FOR BREG, INC**.

# EXHIBIT A

Pursuant to paragraph 9 *of* this Stipulated Protective Order relating to the format of Defendant's document production, if Defendant chooses to objectively code certain documents for their own use, then with each production of such documents, Defendant shall produce the following Objective Coding in the ASCII text file that accompanies the document production. If Defendant chooses to objectively code certain documents after the production of such documents, Defendant shall provide the following Objective Coding as soon as it is available to Defendant. For images generated from native electronic documents, Defendant shall provide meta-data corresponding to the following fields, where available.

| Coding Field | Description |
| --- | --- |
| BegBates; EndBates | The beginning and ending Bates numbers for the document at issue. |
| BegAttach; EndAttach | The beginning and ending Bates numbers of the collection to which the parent document and any attachments thereto are associated (i.e., for an email that is bates stamped ABO0001 - ABC0002, with two attachments bates stamped ABC0003 - ABO0004 and ABO0005 ABO0008, the BegAttach and EndAttach for all three documents would be ABO0001 - ABO0008). |
| DocCreate | The Microsoft® Office generated metadata reflecting the date the document was created. |
| DocDate | The last modified date of the document, formatted as follows: MM/DD/YYYY, with leading zeros as appropriate (e.g., 03/01/2006). For emails, the field will reflect the date the email was sent; for other documents, the field will reflect the last date on which the document was last modified. |
| DocType | The type of document (e.g., email, Microsoft Word 2000, Microsoft |

| | |
|---|---|
| | Excel, etc.). |
| Document Title | The title of the document, if any. |
| AuthorName | The author(s) of a document. |
| To | The recipient(s) of a document. |
| CC | The person(s) who received copies of a document. |
| BCC | The person(s) who received blind copies of a document. |
| Custodian | The name of the individual whose electronic or hard-copy custodial file contained the document at issue. |
| Importance | For Outlook emails, "High," "Low," or "Normal." |
| Sensitivity | For Outlook emails, "Normal," "Private," "Personal," or "Confidential." |
| Pages | The number of pages in a document. |
| Redacted | Yes or no indication of whether the document at issue is redacted, |
| Confidential | Yes or no indication of whether the document at issue was designated as confidential as of the date of production. |

**EXHIBIT B**

Pursuant to paragraph 11 of this STIPULATED PROTECTIVE ORDER REGARDING FORMAT OF PRODUCTION BY DEFENDANT BREG, the following search terms to be applied to electronic documents are agreed upon by the parties. By the inclusion of a search term herein, Defendants are not stipulating that any term is necessarily relevant to any issue in this matter. Additionally, a document is not necessarily required to contain one of these terms in order to be responsive to Plaintiffs' discovery demands. The parties may modify these terms by agreement.

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.