IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01461–PAB–KMT

CHRISTINA PAVELKO,

    Plaintiff,

v.

BREG, INC., a California corporation,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Leave to Amend to Add Prayer for Punitive Damages and Memorandum in Support of Motion and Motion to Extend Time Thereon" filed August 30, 2010. (Doc. No. 124 [Mot.].) Defendant filed its Response on September 20, 2010. (Doc. No. 144 [Resp.].) Plaintiff filed her Reply on October 4, 2010. (Doc. No. 146 [Reply].)

Plaintiff's Motion proposes to add a claim for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. The parties base their arguments on the standard for amending pleadings set forth by Fed. R. Civ. P. 15(a), which provides that leave to amend shall be freely given when justice so requires, and Colo. Rev. Stat. § 13-21-102(1.5)(a), which allows amendment to add a claim for exemplary damages only after the exchange of initial disclosures and after a plaintiff

establishes *prima facie* proof of a triable issue. However, in considering Plaintiff's Motion, the court is guided by Colo. Rev. Stat. § 13-21-102. *See Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01890-BNB, 2007 WL 160951, at *1-2 (D. Colo. Jan.17, 2007) (discussing whether Federal Rule of Civil Procedure 15 or section 13-21-102 governs request to amend complaint to add claim for exemplary damages in diversity action, noting lack of definitive opinion on issue in Tenth Circuit, and deciding to apply state statute); *Witt v. Condominiums at the Boulders Ass'n*, No. 04-cv-02000-MSK-OES, 2006 WL 348086, at *7 (D. Colo. Feb.13, 2006) (finding that court must give effect to Colorado statute in evaluating whether exemplary damages claim properly brought in diversity action); *see also Arapahoe County Water and Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *5-6 (D. Colo. Sept.25, 2009) (applying without discussion Colo. Rev. Stat. § 13-21-102(1)(a), not Rule 15, to determine whether to allow amendment to add exemplary damages claim in diversity action); *State Farm Mut. Auto Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 1011194, at *4-5 (D. Colo. April 15, 2009) (applying Colorado exemplary damages statute to determine whether amendment appropriate and considering evidence in light of Rule 15 obligation to freely grant leave to amend); *E & S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2-3 (D. Colo. March 26, 2009) (same); *Siemens v. Romero*, No. 09-cv-02065-KLM-CBS, 2010 WL 427893, at *1 (D. Colo. Feb. 3, 2010)

(same); *Colorado & Santa Fe Real Estate Co. v. Hartford Cas. Ins. Co.*, No. 10-cv-00405-MSK-KMT, 2010 WL 3714751, at *1 (D. Colo. Sept. 14, 2010) (same).

Pursuant to Colorado law, an award of exemplary damages is permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). Plaintiff contends she, through the completion of discovery, has developed evidence against Defendant that satisfies the statutory requirement of *prima facie* proof of a triable issue. Plaintiff alleges that the pain pump at issue was not cleared by the FDA for intra-articular use, and that despite written assurances to the FDA that it would remove references to intra-articular use from training manuals, Defendant's training manuals for its sales representatives included a recommendation for placing the catheter in the intra-articular space. (*See* Mot. at 2–5.)

In opposition, Defendant contends that Plaintiff has presented nothing that would lead to the conclusion that there is a likelihood that the issue of punitive damages ultimately will be submitted to the jury for resolution; that Defendant's interactions with the FDA do not support a claim for exemplary damages; and that post-injury evidence does not establish that Defendant was aware of a risk of chondrolysis associated with continuous intra-articular infusion of anesthetic. (*See* Resp. at 10–15.)

Plaintiff asserts Defendant lied to and defied the FDA, and that its conduct was willful and wanton. (Mot. at 7.) "Willful and wanton conduct" is conduct "purposefully committed

3

which the actor must have realized was dangerous, done heedlessly and recklessly, without regard to consequences or to the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b). "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citations omitted); *see also U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. App. 2008) (describing willful and wanton conduct as conduct that "exhibits an intent consciously to disregard the safety of others [and] extends beyond mere unreasonableness" (*quoting Forman v. Brown*, 944 P.2d 559, 564 (Colo. App.1996)).

In order to establish *prima facie* proof of a triable issue, Plaintiff must articulate "[a] reasonable likelihood that the issue [of whether Defendant's conduct was willful and wanton] will ultimately be submitted to the jury for resolution." *Arapahoe County Water*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *6 (quoting *Leidholt v. Dist. Court in and for the City and County of Denver*, 619 P.2d 768, 771 (Colo.1980)). At this stage of the litigation, the court is concerned with only whether the evidence, when viewed in the light most favorable to Plaintiff, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of adding a claim for exemplary damages to her Complaint, and not whether such evidence is sufficient to defeat summary judgment. *See Am. Econ. Ins. Co.*, 2007 WL 160951, at *3 (noting that when deciding appropriateness of amendment under section 13-21-102 court

4

views evidence in light most favorable to moving party); *see also E & S Liquors, Inc.*, 2009 WL 837656, at *2 (court views evidence in light most favorable to moving party on a motion to add claim for exemplary damages and differentiating standard from evaluation of whether evidence is sufficient to defeat summary judgment); *Amber Props., Ltd. v. Howard Elec. and Mech. Co., Inc.*, 775 P.2d 43, 46-47 (Colo. App.1988) (finding that trial court required to submit question to jury if evidence, "viewed in light most favorable to the injured party . . . is such that a jury could find [circumstances warranting exemplary damages] beyond a reasonable doubt"); *Leidholt*, 619 P.2d at 769 (noting that the Court "should grant the plaintiff some leeway in establishing his *prima facie* case").

Plaintiff has provided *prima facie* proof of a triable issue of exemplary damages through the material submitted with her Motion and the Opposition to Breg's Motion for Summary Judgment. Considering that this evidence must be viewed in the light most favorable to Plaintiff, the court finds it is sufficient to make out a *prima facie* case for willful and wanton behavior for the purposes of amending her claims to seek exemplary damages. The court emphasizes this order does not address the merits of awarding exemplary damages in this case, but limits the order to recognizing that the issue of exemplary damages can properly be included in the pleadings at this point, therefore permitting Plaintiff to amend her Complaint. Accordingly, it is

**ORDERED** that Plaintiff's "Motion for Leave to Amend to Add Prayer for Punitive Damages and Memorandum in Support of Motion and Motion to Extend Time Thereon" filed

August 30, 2010. (Doc. No. 124)is GRANTED. Plaintiff shall file her Amended Complaint no later than October 25, 2010. It is further

**ORDERED** that Defendant shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15 and other applicable rules.

Dated this 20th day of October, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge